

FILED
February 27, 2015
IN COURT OF
WORKERS' COMPENSATION
CLAIMS
Time: 9:22 AM

## COURT OF WORKERS' COMPENSATION CLAIMS
## DIVISION OF WORKERS' COMPENSATION

**EMPLOYEE: Pamela Bates**

**EMPLOYER: Command Center, Inc.**

**DOCKET #: 2014-06-0053**
**STATE FILE #: 86152-2014**
**DATE OF INJURY: August 26, 2014**

**INSURANCE CARRIER/TPA: Gallagher Bassett**

### EXPEDITED HEARING ORDER

THIS CAUSE came before the undersigned Workers' Compensation Judge on February 26, 2015, upon the Request for Expedited Hearing filed by Pamela Bates, Employee, on February 5, 2015, pursuant to Tennessee Code Annotated section 50-6-239 to determine if Employer, Command Center, Inc. ("CCI"), is obligated to provide temporary disability and/or medical benefits.

The undersigned Workers' Compensation Judge conducted a telephonic Expedited Hearing on February 26, 2015. Ms. Bates represented herself. A representative of CCI and its workers' compensation carrier third-party administrator, Gallagher Bassett ("Carrier"), claims adjustor Tamala Gilbert-Harris, appeared but did not participate[1]. Considering the applicable law, Ms. Bates' testimony and argument and the technical record, this Court finds that Ms. Bates did not sustain a compensable injury and is not entitled to the requested benefits.

### ANALYSIS

#### Issue

*Whether Ms. Bates sustained an injury that arose primarily out of and in the course and scope of employment with CCI.*

---

[1] The "Mediation and Hearing Procedures" governing practice in the Court of Workers' Compensation Claims provides that at any hearing or mediation proceeding, "Any corporation or other artificial person may participate through a duly authorized representative such as an officer, director or appropriate employee, *but must be represented by counsel in all proceedings occurring in the court of workers' compensation claims... [.]*" Tenn. Comp. R. & Regs., 0800-02-21-.05(1)(c) (2014). (Emphasis added.)

    After the Expedited Hearing, Ms. Gilbert-Harris contacted the Clerk of Court for the Court of Workers' Compensation Claims to ascertain the e-mail address where the Notice of Expedited Hearing was sent. It appears that due to a clerical error, Ms. Harris did not receive notice of the hearing, and as a result did not retain counsel. However, in light of the Court's finding of noncompensability, CCI and Carrier suffered no prejudice as a result of their nonparticipation by counsel in the hearing.

1

## Evidence Submitted

Ms. Bates testified but failed to formally move any documentation into evidence. The Court designated the following as the technical record:

- Request for Expedited Hearing, February 5, 2015
- Dispute Certification Notice, January 12, 2015
- Petition for Benefit Determination, October 16, 2015.

The Court did not consider attachments to the above filings not admitted into evidence during the Expedited Hearing. The Court considered factual statements in the above filings and their attachments as allegations unless established by the evidence.

## History of Claim

Ms. Bates is a 50-year-old resident of Davidson County, Tennessee. She testified that on August 26, 2014, she reported to work for CCI at Walmart on 2421 Powell Avenue in Nashville. Her supervisor assigned her to unload a truck. She stated that while performing her duties, a co-worker who was not scheduled to work, Kerry Lindsey, approached her inside the truck and said, "Bitch, you're in the business." She responded that he was drunk and he should "get out of my face." He then "mugged" her by hitting her in the face. Ms. Bates immediately contacted her supervisor, who asked to speak with Mr. Lindsey. Ms. Bates refused to give him her phone. Mr. Lindsey proceeded to throw a water bottle, which hit Ms. Bates' face. Ms. Bates telephoned the police and then sought medical care. The Nashville Fire Department EMS transported Ms. Bates to the hospital. Ms. Bates incurred a statement for this in the amount of $707.20, which CCI declined to pay.

Ms. Bates testified that she worked with Mr. Lindsey previously and never had any prior conflicts with him. She did know why he was present. The Court asked whether the altercation had anything to do with work, to which Ms. Bates responded, "I can't say." She stated she believes he was intoxicated at the time. According to Ms. Bates, CCI terminated her the next day because of the "personal conflict."

## Employee's Contentions

Ms. Bates contends she sustained a compensable injury when Mr. Lindsey assaulted her at work.

## Findings of Fact and Conclusions of Law

### Standard Applied

When determining whether to award benefits, the Judge must decide whether the moving party is likely to succeed on the merits at trial given the information available. *See generally, McCall v. Nat'l Health Care Corp.*, 100 S.W.3d 209, 214 (Tenn. 2003). In a workers' compensation

action, pursuant to Tennessee Code Annotated section 50-6-239(c)(6), the employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence. The employee must show the injury arose primarily out of and in the course and scope of employment. Tenn. Code Ann. § 50-6-102(13) (2014).

*Dispositive Factual Finding*

On August 26, 2014, Mr. Lindsey hit Ms. Bates in the face while she was at work. The injury was the result of an inherently private dispute.

*Application of Law to Facts*

*Ms. Bates' injury did not arise primarily out of and in the course and scope of her employment with CCI.*

Tennessee Code Annotated Section 50-6-102(13) defines an injury as follows:

> "Injury" or "personal injury" mean an injury by accident … arising primarily out of and in the course and scope of employment, that causes …the need for medical treatment of the employee; provided, that:
> (A)    An injury is "accidental" only if the injury is caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment … [.]

Tenn. Code Ann. § 50-6-102(13)(A) (2014). An injury occurs in the "course of employment" if it takes place while the employee performs a duty she was employed to perform. *Fink v. Caudle*, 856 S.W.2d 952, 958 (Tenn. Workers' Comp. Panel, 1993). Ms. Bates was at work unloading a truck, her assigned task, when the assault took place. Therefore the injury occurred in the course of her employment. The determinative issue is whether Ms. Bates' injury arose primarily out of her employment.

The statutory definition of "injury" additionally provides: "An injury 'arises primarily out of and in the course and scope of employment' only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes[.]" Tenn. Code Ann. § 50-6-102(13)(B) (2014).

The Tennessee Supreme Court recognized the following three categories for workplace assaults:

> (1) Assaults with an "inherent connection" to employment, such as disputes over performance, pay or termination;
> (2) Assaults stemming from "inherently private" disputes imported into the employment setting from the claimant's domestic or private life and not exacerbated by the employment; and,
> (3) Assaults resulting from a "neutral force" such as random assaults on employees by individuals outside the employment relationship.

3

*Woods v. Harry B. Woods Plumbing Co.*, 967 S.W.2d 768, 771 (Tenn. 1998). Assaults falling into the first category are compensable. *Wait v. Travelers Indem. Co. of Ill.*, 240 S.W.3d 220, 227 (Tenn. 2007). Assaults falling into the second category are not. *Woods,* at 771. The compensability of assaults falling into the third category "depend[s] on the facts and circumstances of the employment." *Id.*

Ms. Bates testified that she "can't say" the injury is work-related. Therefore, her injury does not fall into the first category because, by her own admission, the dispute between her and Mr. Lindsey had no inherent connection to her employment. The dispute did not stem from "performance, pay or termination," or any matter that appears to have a connection to work, other than the tangential fact that CCI employed them both. Further, the assault cannot be classified as resulting from a "neutral force," because it was not a "random assault… by individuals outside the employment relationship," since Mr. Lindsey was a co-worker.

The incident is an "inherently private dispute," not exacerbated by the employment. Ms. Bates testified that she does not know why Mr. Lindsey assaulted her, other than his intoxication. She stated that her termination was due to "personal conflict." While she likely disputes CCI's characterization, it is further indication to the Court that there is no connection between her work and the injury.

The Court finds Ms. Bates' testimony credible. The Court sympathizes with her pain and frustration. Notwithstanding, this Court finds that Ms. Bates is not entitled to workers' compensation benefits because the injury did not arise primarily out of and in the course and scope of her employment.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Bates' claim against CCI and its workers' compensation carrier for the requested benefits is denied on the grounds of compensability.

2. This matter is set for Initial Hearing on April 1, 2015, at 9:00 a.m. Central Time.

**ENTERED this the 27th day of February, 2015.**

Kenneth M. Switzer, Chief Judge
**Court of Workers' Compensation Claims**

4

<u>Initial Hearing</u>:

An Initial Hearing has been set with **Chief Judge Kenneth M. Switzer, Court of Workers Compensation. You must dial in at 615-532-9552 or 866-943-0025 toll free to participate in your scheduled conference.**

**Please Note: <u>You must call in on the scheduled date/time to participate.</u> Failure to call in may result in a determination of the issues without your further participation.** All conferences are set using Central Time (CT).

<u>Right to Appeal</u>:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven (7) business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Request for Appeal upon the opposing party.

4. The parties, having the responsibility of ensuring a complete record on appeal, may request from the Court Clerk the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a statement of the evidence within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. The Judge must approve the statement of the evidence before the Clerk of Court shall submit the record to the Clerk of the Appeals Board.

5. If the appellant elects to file a position statement in support of the interlocutory appeal, the appealing party shall file such position statement with the Court Clerk within three (3) business days of the filing of the Expedited Hearing Notice of Appeal, specifying the issues presented for review and including any argument in support thereof. If the appellee elects to file a response in opposition to the interlocutory appeal, appellee shall do so within three (3) business days of the filing of the appellant's position statement.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 27th day of February, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Pamela Bates Employee | | | | | X | Pamelabates14@yahoo.com |
| Tamala Gilbert-Harris, Carrier's adjustor | | | | | X | Tamala_gilbert-harris@gbtpa.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims

6